# Law Office of
# LEWIS B. INSLER

**403 Shelwood Circle Apt F**
**Asheville, North Carolina 28804**

Admitted in New York
and Federal Courts
Practice Limited to Federal Court
Matters in New York and Connecticut

Phone 914 980-2561
Inslerlb3@gmail.com
Fax 914 206-3994

April 12, 2021                          **MEMORANDUM ENDORSEMENT**

Hon. Gabriel W. Gorenstein, USMJ
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: Perozzi v Berryhill  17-cv- 825 (GWG)

Honorable Sir:

I am plaintiff's attorney in the above matter, a Social Security disability matter that was remanded some time ago. Administrative Counsel has just made me aware that Mr. Perozzi received a fully favorable decision dated March 4, 2021. There has been no Notice of Award issued yet, but based upon the Trial Amount found in the administrative record and the number of months of retroactive benefits to which plaintiff is entitled counsel and I agree that there should be at least $144,000 in retroactive benefits and thus about $36,000 will be withheld by statute for possible attorney fees.

I have nearly spent about 30 hours of time on this matter and was awarded and received a fee under EAJA of $5600. Thus I will be requesting an additional fee under 42 USC 406(b), with the amount dependent upon the actual amounts withheld and administrative counsel's request.

I am writing at this time to ask that  the court equitably toll the 14 day period to file for attorney fees under 42 USC 406(b) until such time as the I have received the Notice of Award from Administrative Counsel to determine the amount withheld for attorney fees. This is necessary based upon the recent Second Circuit decision in <u>Sinkler v Berryhill</u>, 932 F 3d 83 ( 2d Cir 2019) which requires that the petition under 406(b) be filed within 14 days of the date the attorney receives the Notice of Award but that " district Courts are empowered to enlarge that filing period when circumstances warrant." <u>Sinkler</u> at 393.

The Defendant will only send the Notice of Award to administrative counsel and the plaintiff and thus I am dependent on counsel to provide me with a copy of the Notice and to confirm the amount of the administrative

fee being requested under 406(a). While we have discussed this and he is aware of the limitations under <u>Sinkler</u>, I have no control over when I will receive the Notice of Award. However I will file my petition as expeditiously as possible upon receipt of the Notice from counsel.

 I thank the court for its anticipated cooperation in this matter and look forward to our determination concerning this motion.

Respectfully submitted,

*[signature]*

Lewis B. Insler (li5441)

**The Second Circuit has held that the 14-day period under Rule 54 begins to run "[o]nce counsel receives notice of the benefits award." Sinkler v. Berryhill, 932 F.3d 83, 88 (2d Cir. 2019). Obviously, the Court will apply Sinkler. To the extent counsel seeks equitable tolling, the request for such tolling should be made at the time the fee application is filed.**

**So Ordered.**

*[signature]*
GABRIEL W. GORENSTEIN
United States Magistrate Judge
April 16, 2021